**CLD-125**                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4509
_____

MUAMMER VAROL,

Appellant

v.

PAVE-RITE, INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 11-cv-00422)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
February 24, 2012

Before: RENDELL, HARDIMAN AND VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 26, 2012)

_____

OPINION
_____

PER CURIAM

Muammer Varol appeals pro se from the United States District Court for the

District of New Jersey's order dismissing his complaint.  Because this appeal does not

present a substantial question, we will summarily affirm the District Court's order.  See

3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

I.

In 2010, Varol filed a charge with the EEOC, asserting that his former employer,

Pave-Rite, Inc. ("Pave-Rite"), had discriminated against him based on his race, religion,

and national origin.[1]  The EEOC dismissed the charge and issued Varol a right to sue

letter in January 2011.  Varol soon thereafter filed a complaint in the District Court,

seemingly claiming that Pave-Rite's failure to rehire him was discriminatory under Title

VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

Varol's complaint, which consisted of a form EEOC complaint and a written

statement, was less than clear.  Other than checking the boxes on the EEOC form

identifying that he had been discriminated on due to his race, religion, and nationality,

Varol's complaint provided no indication that he had been discriminated against based on

any protected ground.  Rather, his written statement asserted that he had intermittently

worked for Pave-Rite as a dump truck driver since 2004, and that his supervisors always

found "something to blame on him," "pushed him to make mistakes," and tried to get him

to quit.  In January 2007, he asked Pave-Rite principal, Peter Stires, for a leave of

absence without pay to deal with personal problems and so that he "could make a fresh

start a couple months later."  He asserted that Stires became angry and blocked his

attempt to obtain unemployment benefits by stating that he had quit voluntarily.

---

[1] Varol is Muslim and Turkish.

2

Throughout 2007 and 2008, Varol was unable to find work and became homeless. In April 2009, he was rehired as a dump truck driver for Pave-Rite but was again harassed. Varol nevertheless "finish[ed] the season" and worked until December 2009. He called Pave-Rite in March 2010 to inquire about a job, and the next month Stires hired him to work for two days. Varol, however, hurt his knee on the first day of work and was unable to work on the second day. A medical examination of his knee showed no serious problems, and he was able to work a few days later. About a month later, he worked one more day for Pave-Rite. He subsequently learned that Pave-Rite had hired another driver to work full-time.

Pave-Rite moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In July 2011, the District Court held oral argument on the motion to dismiss,[2] during which Varol attempted to introduce additional facts. The District Court adjourned the hearing and converted the motion to dismiss into a motion for summary judgment. The District Court thereafter accepted an affidavit from Stires, and in September 2011 held a hearing to gather more facts from Varol to determine if he had a cognizable claim. Varol testified that he thought the new driver hired by Pave-Rite was of "Spanish background," and when asked about the basis of the alleged discriminatory treatment, Varol stated that his supervisors did not want him to work there because he "was taking one of the American people[s] job[s]."

_____

[2] It appears that the District Court held oral argument rather than requiring Varol to file a written response to the motion because Varol was homeless and had difficultly complying with the filing requirements.

3

On December 1, 2011, the District Court granted Pave-Rite's motion to dismiss.[3] The District Court explained that he neither set forth any of the elements for a prima facie Title VII discrimination case nor "identif[ied] any statement, action, or circumstance where [he] was treated differently because of his protected status." It continued by stating that Varol did not "establish[] any causal link between [his] alleged discriminatory treatment and [his] race, national origin or religion." Regarding Varol's statement that a "Spanish driver" may have been hired instead of him, the District Court stated that "this vague allegation of hiring a non-Muslim driver is not sufficient . . . to show discrimination." It also concluded that allowing Varol to amend his complaint would be futile, as he "was permitted to add evidence at two hearings and failed to do so."

Varol now appeals.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise plenary review over a dismissal of a complaint for failure to state a claim. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Because Varol is proceeding pro se, we construe his filings liberally. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

A motion to dismiss should be granted if the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly,

---

[3] The District Court explained that it was converting the motion for summary judgment back to a motion to dismiss. While this is not usual practice, it was appropriate here because, after taking Varol's testimony in lieu of requiring response briefs, the District Court determined that he failed to state a claim for relief.

550 U.S. 544, 570 (2007). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). <u>See</u> <u>also</u> <u>Great Western Mining & Mineral Co. v. Fox Rothschild LLP</u>, 615 F.3d 159, 176-177 (3d Cir. 2010) (discussing the <u>Twombly</u>/<u>Iqbal</u> standard). We have stated that <u>Twombly</u>'s "plausibility paradigm . . . applies with equal force to analyzing the adequacy of claims of employment discrimination." <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 211 (3d Cir. 2009) (citing <u>Wilkerson v. New Media Tech. Charter Sch., Inc.</u>, 522 F.3d 315, 322 (3d Cir. 2008)).

As the District Court concluded, Varol did not articulate any cause of action under Title VII. He failed to set forth the elements for a prima facie case of discrimination, and did not include any facts that could be discerned to state a facially plausible right to relief. Accordingly, dismissal of the complaint was proper. Additionally, the District Court did not err by dismissing the complaint without affording leave to amend, as it provided Varol with two opportunities to support his complaint through testimony and determined that further amendment would be futile. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002) (stating that district court must extend the plaintiff an opportunity to amend before dismissing a complaint unless amendment would be inequitable or futile).

For these reasons, we conclude that this appeal presents "no substantial question," and will therefore summarily affirm the District Court's judgment. <u>See</u> 3d Cir. LAR 27.4; I.O.P. 10.6.

5